IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Carmen Carver, n/k/a Rodeen, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LVNV Funding, LLC, a Delaware )<br>limited liability company, )<br>)<br>Defendant. ) | <br><br><br><br>No.  4:21-cv-576<br><br><br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Carmen Carver, n/k/a Rodeen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Carmen Carver, n/k/a Rodeen ("Carver"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a WebBank/Fingerhut account.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. LVNV operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for a WebBank/Fingerhut account. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant LVNV, which attempted to collect this debt from her by negative credit reporting.

7. As is her right under the FDCPA, Ms. Carver, sent LVNV a letter on June 30, 2021, disputing the debt, and demanding that Defendant cease communications with her regarding the debt. A copy of this dispute letter and the fax confirmation are attached as Exhibit A.

8. On July 30, 2021, Ms. Carver obtained and reviewed a copy of her Equifax credit report, which showed that Defendant LVNV had continued to report the WebBank/Fingerhut debt but had failed to note that the debt was disputed. The pertinent part of Ms. Carver's Equifax credit report is attached as Exhibit B.

9. Plaintiff's credit report was viewed by additional creditors/potential creditors after she had sent her dispute of the WebBank/Fingerhut debt to Defendant.

2

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Carver. Defendant's violations of the FDCPA impacted Plaintiff's credit score, and her credit reputation, as her credit report was later viewed by additional creditors/potential creditors.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Peters v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the

3

following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

20. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Carmen Carver, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Carver, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carmen Carver, n/k/a Rodeen demands trial by jury.

                                             Carmen Carver, n/k/a Rodeen,

                                             By: /s/ James R. Crump
                                             One of Plaintiff's Attorneys

                                             By: /s/ David J. Philipps
                                             One of Plaintiff's Attorneys

Dated: August 11, 2021

James R. Crump    (#65514)
Ryan M. Callahan   (#62666)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

5

Case 4:21-cv-00576-BP   Document 1   Filed 08/12/21   Page 5 of 6

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com